UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                     Case No. 16-32522-DHW
                                                          Chapter 13
WILLIA WOODS FLANNING,
    Debtor.
_____

WILLIA WOODS FLANNING,
    Plaintiff,

v.                                                        Adv. Proc. 16-03112-DHW

PERCY BOWMAN,
    Defendant.

## MEMORANDUM OPINION

    Plaintiff filed the instant adversary proceeding alleging that Defendant, a judgment creditor, violated the automatic stay by garnishing Plaintiff's post-petition earnings for satisfaction of a pre-petition judgment debt. In response to the Complaint, Defendant filed a 12(b)(6) motion to dismiss for failure to state a claim.[1] Defendant contends that Plaintiff fails to allege a cause of action or assert any conduct by defendant which gives rise to a cause of action. Specifically, Defendant contends that the garnishee withheld $408.60 prior to the plaintiff filing bankruptcy, and that the circuit court processed and mailed the payment prior to the debtor filing her petition. Further, Defendant, while not disputing that the debtor's wages were also garnished post-petition, contends that the garnishment had been stayed by the circuit court, and that he did not receive any of the post-petition garnished funds. For the foregoing reasons, Defendant's motion to dismiss will be granted.

### Jurisdiction

    The court's jurisdiction in this adversary proceeding derives from 28 U.S.C. § 1334 and from an order of The United States District Court for this district wherein

---

[1] The standard for a motion to dismiss established by Fed. R. Civ. Proc. 12 is made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. Proc. 7012.

that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because this matter concerns an alleged violation of the automatic stay, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Undisputed Facts

Defendant obtained a judgment against Plaintiff in Montgomery County Circuit Court, Small Claims Division on January 4, 2016. Judgment entered in the amount of $3,600, plus $306.80 in court costs. Defendant filed a Process of Garnishment on April 5, 2016 and received an Answer from the garnishee on April 12, 2016 indicating that the garnishee would withhold wages from Plaintiff. On May 12, 2016, Defendant filed in the circuit court a Motion to Condemn Funds which was granted on May 17, 2016.

Plaintiff filed the underlying bankruptcy petition on September 12, 2016. Plaintiff filed a Notice of Bankruptcy Filing with the Montgomery County Circuit Court clerk on September 13, 2016. On that same day, the court disbursed to Defendant a garnishment payment in the amount of $408.60, which was mailed to Defendant. The Bankruptcy Noticing Center (BCN) certificate indicates that Defendant was served with notice of the bankruptcy filing on September 15, 2016.

On September 23, 2016 an Order Staying Post Judgment Proceedings ("the Order") entered in circuit court *sua sponte*. The order indicated that "All post judgment proceedings are stayed pending the disposition of the Defendant's [Flanning's] Bankruptcy." Yet, on October 6, 2016, the Montgomery County Circuit Court clerk received the sum of $451.94 from Plaintiff's employer. The garnished amount is comprised of two separate pay period withholdings. Those funds were not remitted to Defendant. Plaintiff provided a copy of the Order to her employer who advised Plaintiff that the garnishment could not be terminated without the Defendant filing a Release of Garnishment in the lawsuit. Plaintiff's counsel contacted counsel for Defendant regarding the necessity of the Release of Garnishment, but Plaintiff's counsel received no response.

Plaintiff filed the instant adversary proceeding on October 10, 2016. On October 13, 2016, Defendant filed a Garnishee Release and no wages were disbursed to Defendant subsequent to the Plaintiff filing the bankruptcy case.

## Conclusions of Law

Upon filing a voluntary petition for relief in bankruptcy, a stay automatically arises without the necessity of judicial intervention. *See* 11 U.S.C. §362(a). The automatic stay plays a vital role in bankruptcy. "Congress considered the automatic stay provision one of the most important in the bankruptcy code." *British Aviation Ins. Co. v. Menut (In re State Airlines, Inc.)*, 873 F.2d 264, 268 (11th Cir. 1989). "The automatic stay is necessary to permit the debtor breathing space so that he may reorganize his affairs, free from the harassment of wage garnishments, foreclosure proceedings, and repossessions. The scope of the automatic stay is necessarily broad so that debtors may reorganize their affairs in an orderly and equitable fashion." *In re Briskey*, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001).

The automatic stay protects debtors from the "commencement or continuation" of a judicial action or proceeding. *See* 11 U.S.C. §362(a)(1). In observing the automatic stay, "the creditor must not only cease from taking any affirmative action which would violate the automatic stay, it must also take all necessary affirmative action to stop proceedings which are in violation of the automatic stay." *In re Briskey*, 258 B.R. at 477 (citing *In re Johnson*, 253 B.R. 857, 861 (Bankr. S.D. Ohio 2000)). "*Briskey* requires the judgment creditor to take affirmative action to stop the proceedings; that is, to cease further, post petition wage deductions pursuant to the garnishment and to stop the further distribution of the garnished funds … dismissal of the garnishment is not the creditor's only alternative for complying with the automatic stay. The creditor can satisfy its duty either by dismissing the garnishment or by staying it." *In re Myers*, 402 B.R. 370 (Bankr. M.D. Ala. 2009).

In reviewing a motion to dismiss, a court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998)(citing *Lopez v. First Union National Bank of Florida,* 129 F.3d 1186, 1189 (11th Cir.1997)). Although the standard for a complaint to survive a motion to dismiss is low, the "factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966–67, 167 L.Ed.2d 929 (May 21, 2007)). Here, the circuit court's *sua sponte* Order Staying Post Judgment Proceedings entered within days after Plaintiff filed her bankruptcy petition. With the garnishment thus stayed, Defendant could reasonably conclude that no further action on his part was necessary. Defendant's understanding was further supported by the fact that

Defendant did not receive any additional funds as a result of the garnishment.[2] The undersigned recognizes the aforementioned duty that a judgment creditor must take affirmative action to stop a garnishment. However, the facts here are distinguishable. Notably, the garnishment was stayed by the circuit court Order and a subsequent release by the defendant was superfluous notwithstanding the garnishee's belief to the contrary. The actions by the garnishee in continuing the garnishment contravened the circuit court's order, but those actions do not amount to a willful violation of the stay by Defendant.

## Conclusion

For these reasons, the court finds that Defendant did not violate the automatic stay. Accordingly, Defendant's motion to dismiss will be granted by separate order.

Done this the 4th day of January, 2017.

*Dwight A. Williams, Jr.*
Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor/Plaintiff
    Percy Bowman, Defendant
    Michael Brock, Attorney for Debtor
    Anthony B. Bush, Attorney for Plaintiff
    James E. Wilson, Jr., Attorney for Defendant

---

[2] The $408.60 in garnished funds mailed to Defendant was withheld from Plaintiff's earnings and remitted pre-petition.